UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| GLEN DALE KING | CIVIL ACTION NO. 3:15-cv-2071 |
|     LA. DOC #344491 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN JERRY GOODWIN | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* petitioner Glen Dale King, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* on July 17, 2015. Petitioner attacks as excessive the forty year sentence imposed following petitioner's guilty plea to manslaughter in the Fourth Judicial District Court, Morehouse Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

Petitioner was indicted by the Morehouse Parish Grand Jury and charged with one count of second degree murder and two counts of attempted second degree murder. On June 23, 2008, he  pled guilty to one count of manslaughter. In accordance with a plea agreement, the remaining charges were dismissed and the State agreed to refrain from prosecuting petitioner as an habitual offender. On April 30, 2009, a sentencing hearing was convened and at its conclusion petitioner was sentenced to serve the statutory maximum of 40 years at hard labor. [Doc. 1-1, pp. 2-3]

On July 26, 2012, petitioner filed an application for post-conviction relief seeking an out-

of-time appeal.  On October 1, ,2012, the District Court ordered the State to respond to the

application. [Doc. 1-2, pp. 2-3] The State did not respond and petitioner was granted an out-of-

time appeal. [Doc. 1-1, p. 3]

Petitioner argued a single claim of excessiveness of sentence on appeal. On August 7,

2013, the Court of Appeal affirmed his sentence.

On some unspecified date, petitioner sought further review in the Louisiana Supreme

Court.  On May 2, 2014, his application for writs was denied without comment. *State of*

*Louisiana v. Glen Dale King*, 2014-2017 (La. 5/2/2014), 138 So.3d 1238.

Petitioner filed his *habeas* petition on July 17, 2015. He argues that his 40 year sentence

is constitutionally excessive.

## LAW AND ANALYSIS

### 1. Rule 4 Review

Rule 4 of the Rules Governing § 2254 Cases authorizes the district court to examine and

dismiss non-meritorious and frivolous *habeas corpus* petitions. *Kiser v. Johnson*, 163 F.3d 326,

328 (5th Cir.1999).[1] Review of the instant petition and its accompanying exhibits plainly

establishes that the complained of sentence is not excessive and therefore petitioner is not

entitled to relief. Accordingly, the petition should be dismissed with prejudice pursuant to Rule 4

for the reasons that follow.

### 2. Standard of Review—28 U.S.C. § 2254

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C.

---

[1] Rule 4 states in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ..."

§ 2254, governs "... *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court..."  Among other things, the AEDPA limits how a federal court may consider *habeas* claims. After the state courts have "adjudicated the merits" of an inmate's complaints, federal review "is limited to the record that was before the state court[.]" *Cullen v. Pinholster*, 563 U.S. 170, — , 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).  With regard to claims that were adjudicated on the merits, in order to prevail, the petitioner must show that the adjudication of the claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

> 28 U.S.C. § 2254(d)(l)-(2).

A State court decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740–41 (5th Cir.2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). "The 'contrary to' requirement refers to holdings, as opposed to the *dicta*, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 740. Under the "unreasonable application" clause, a federal *habeas court* may grant the writ only if the state court "identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741.

Section 2254(d)(2) speaks to factual determinations made by the state courts. Federal

courts presume such determinations to be correct; however, a petitioner can rebut this

presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Second Circuit Court of Appeal considered the merits of petitioner's excessiveness

of sentence claim and ultimately rejected it as follows:

> The defense contends that the maximum sentence imposed on King is excessive, and that the goals of punishment and rehabilitation can be accomplished in this case with a less harsh sentence, particularly in light of King's acceptance of his responsibility for the unintended death of a man that he considered to be his brother.
>
> The Eighth Amendment's proscription of cruel and unusual punishment not only prohibits barbaric punishment but also sentences that are disproportionate to the offense committed. Louisiana's constitution likewise proscribes cruel, unusual and excessive sentences. An excessive sentence is one that is grossly disproportionate to the offense committed. *State v. Dunn*, 30,767 (La.App.2d Cir.06/24/98), 715 So.2d 641. Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence. *State v. Colvin*, 11– 1040 (La.03/13/12), 85 So.3d 663; *State v. Humphrey*, 445 So.2d 1155. In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate. *State v. Humphrey, supra*. A court's proportionality analysis should be guided by the gravity of the offense and culpability of the offender. *State v. Guzman*, 99 – 1528, 99 – 1753 (La.05/16/00), 769 So.2d 1158.
>
> As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07– 2031 (La.02/15/08), 974 So.2d 665; *State v. McKinney*, 43,061 (La.App.2d Cir.02/13/08), 976 So.2d 802; *State v. Woods*, 41,420 (La.App.2d Cir.11/01/06), 942 So.2d 658, writs denied, 06 – 2768, 06 – 2781 (La.06/22/07), 959 So.2d 494. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. *State v. Germany*, 43,239 (La.App.2d Cir.04/30/08), 981

So.2d 792; *State v. Black*, 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667, *writ denied*, 96 – 0836 (La.09/20/96), 679 So.2d 430.

King substantially benefitted from the plea agreement and reduced sentence exposure as he was initially charged with second degree murder, which carries a mandatory sentence of life in prison, and two counts of attempted second degree murder, each of which carries a possible maximum 50 year hard labor sentence without benefits. La. R.S. 14:27(D); La. R.S. 14:30.1.

Considering King's criminal history, the benefit he received from the plea agreement, and the violent nature of his act the trial court's imposition of the maximum sentence for the reduced charge of manslaughter does not shock the sense of justice, nor is it disproportionate to the severity of the offense. Therefore, we find that defendant's excessive sentence assignment of error is without merit.

*State of Louisiana v. Glen Dale King*, 48,335 (La. App. 2 Cir. 8/7/2013); 122 So.3d 1042, at 1044-45.

### 3. Excessive Sentence

Petitioner's excessive sentence claim was rejected on the merits by the Second Circuit

Court of Appeal which concluded that the forty year sentence imposed following his conviction

for manslaughter was not "disproportionate to the severity of the offense." *King, supra*, at p. 145.

In order to prevail on this claim of excessiveness, petitioner bears the burden of establishing that

the Court of Appeal's decision as outlined above, was "... an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court."

Clearly established Supreme Court precedent holds that the Eighth Amendment protects

against not only barbaric punishments, but also those that are grossly disproportionate to the

crime committed.[2] *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *Ewing*

---

[2] Petitioner has not provided the court with a copy of the briefs he filed in either the Second Circuit Court of Appeal or Louisiana Supreme Court. It appears, however, that the brief he filed in this Court is a copy of the original appeal brief filed in the Second Circuit. [See Doc. 1-1, p. 3, ¶3 wherein petitioner noted that he was granted the right to an out-of-time appeal and

*v. California*, 538 U.S. 11, 20–24 (2003). However, "[for] crimes concededly classified and classifiable as felonies, ... the length of the sentence actually imposed is purely a matter of legislative prerogative." *Harmelin v. Michigan*, 501 U.S. 957, 962, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) quoting *Rummel v. Estelle*, 445 U.S. 263, 274, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). A federal *habeas* court will not upset a state sentence within statutory limits unless it is so disproportionate to the offense as to be completely arbitrary and shocking. *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir.1975). In this way, a "[court] must grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." *United States v. Gonzales*, 121 F.3d 928, 942 (5th Cir.1997); see also *Ewing*, 538 U.S. at 24 – 25.

The Fifth Circuit has set forth its methodology for analyzing excessive sentence claims in *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir.1992). First, the court weighs the gravity of the offense against the severity of the sentence. *McGruder*, 954 F.2d at 316. Then, if the court determines that the sentence is grossly disproportionate to the offense, the court compares sentences for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. Only if the court concludes in the first inquiry that the sentence is "grossly disproportionate" to the offense does the court proceed to determine the second and third

---

thereafter claimed, "From said Order, this appeal has been perfected."] Petitioner apparently argued that his sentence was unconstitutionally excessive pursuant to Article I, § 20 of the Louisiana Constitution of 1974. As noted above, the Louisiana Second Circuit Court of Appeal analyzed this claim under Louisiana jurisprudence. Accordingly, to the extent that petitioner failed to raise his claim under the Eighth Amendment, the claim would be barred by the doctrine of procedural default. However, the undersigned need not address this issue, given that petitioner's Eighth Amendment claim is clearly without merit.

inquiries. *United States v. Gonzales*, 121 F.3d 928, 942–943 (5th Cir.1997). If the court

concludes that the sentence is not "grossly disproportionate," the inquiry is finished, and the

court "defer[s] to the will of" the legislature. *Gonzales*, 121 F.3d at 942–43.

In other words, under clearly established federal law, the issue of whether the sentence is

unconstitutionally excessive turns on whether petitioner's punishment reaches this threshold

level of gross disproportionality. The Supreme Court noted the inherent subjectivity in making

this threshold determination in *Rummel*, 445 U.S. at 304. Moreover, the Supreme Court has

noted that outside the capitol punishment context, successful proportionality challenges are

"exceedingly rare" and constitutional violations are therefore reserved only for an "extreme" or

"extraordinary case." *Ewing*, 538 U.S. at 21; *Lockyer v. Andrade*,  538 U.S. 63, at 73 and 77.

For example, in *Rummel*, the Supreme Court upheld a life sentence under a recidivist

statute for a petitioner who had fraudulently used a credit card, passed a forged check, and,

finally, obtained $120.75 under false pretenses. Subsequent jurisprudence in this circuit has used

*Rummel* as a benchmark for distinguishing constitutional sentences and grossly disproportionate

punishments. *Gonzales*, 121 F.3d at 943.

Measured against this benchmark, petitioner's forty year sentence for manslaughter,

which is within the statutorily prescribed limit[3], is not disproportional and therefore plainly

constitutional. First, the gravity of the offense committed by petitioner is clearly more severe

than the crimes of fraud and forgery punished by life imprisonment in *Rummel*. Petitioner

apparently left the scene of a verbal altercation,  returned armed with a firearm, and thereafter

---

[3] See La. R.S. 14:31(B), "Whoever commits manslaughter shall be imprisoned at hard
labor for not more than forty years."

shot and killed an individual while wounding two others. Finally, the published jurisprudence reveals that petitioner has previously been convicted of numerous prior crimes.[4]

Under these circumstances, applying the benchmark test set forth in *Rummel*, the undersigned finds that the facts of this case do not meet the threshold level of gross disproportionality; therefore, the sentence is consistent with the constitutional requirements of the Eighth Amendment.[5]

In any event, as previously noted, the Louisiana Second Circuit Court of Appeal rejected petitioner's argument and determined that based upon all of the circumstances, the forty year sentence imposed by the Fourth Judicial District Court was not disproportional and thus not Constitutionally excessive. Petitioner has not shown that the decision was an unreasonable application of federal law or an unreasonable determination of the facts. In short, petitioner's *habeas* petition should be dismissed with prejudice pursuant to Rule 4.

### *Recommendation*

Therefore,

---

[4] The Court of Appeals noted, for example, "In reviewing King's criminal history, the [trial] court noted that King's adult record was 'horrendous' and one of the longest it had ever seen. Included in that history were three felony convictions and a number of misdemeanor arrests for battery and domestic violence. On May 29, 1993, King was charged with attempted manslaughter, but later pled guilty to aggravated battery and was sentenced to time served. On June 11, 1996, King was charged with attempted second degree battery, but later pled guilty to aggravated battery and was sentenced to two years at hard labor, to run concurrently with a previous distribution of cocaine charge. Also, the court noted the instant offenses and several domestic abuse battery charges that were to be dismissed upon sentencing in this case." King, *supra* at 1044.

[5] Indeed, forty year sentences have been considered proportional for the offense of manslaughter by other tribunals. *See Jones v. Cain*, 08-1585 (E.D.La. 2009), 2009 WL 928477; see also *Tran v. Cain*, 06-0182 (W.D.La. 2006), 2006 WL 1627812.

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** on the merits pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, September 28, 2015.

_____

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**